The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
Upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner with some minor technical modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, with minor technical modifications, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. As indicated in the headnote above, this matter involves a personal injury claim under the Tort Claims Act for the left ankle injury plaintiff sustained when he fell down some stairs that were allegedly cleaned with transparent paint thinner. There were no signs in the area indicating that the floor was wet. In fact, however, the steps had not been cleaned with a transparent paint thinner, but rather with pine oil.
2. Even assuming there were no signs indicating that the steps and adjacent foyer area had been cleaned and were wet, plaintiff knew they had been cleaned because he could not only still smell the pine oil used in cleaning them, but could also see that the steps were still visibly wet. This appreciation of the situation resulted in his holding onto the adjacent handrail in the course of descending the stairs so that he would not fall. Nonetheless he did fall when his foot gave way, and this fall resulted in the injuries for which damages are claimed. Under these circumstances, the person responsible for cleaning the same stairs was not under a duty to warn plaintiff or anyone else passing in the area of any potential hazard or danger due to the fact that the steps had been cleaned and were still wet because the danger was obvious to plaintiff or anyone else maintaining a proper lookout in the course of descending the stairs. Not only was the potential danger obvious to plaintiff, but he appreciated that danger by virtue of the fact that he attempted to hold onto the stair rail when descending the wet steps to prevent himself from falling.
* * * * * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSIONS OF LAW
For the reasons stated in the above findings of fact, plaintiff has failed to sufficiently meet his burden of establishing actual negligence at the time complained of by any named, or unnamed, employee, agent, servant or representative of defendant North Carolina Department of Correction proximately resulting in the left ankle injury for which the instant damage claim has been filed.
* * * * * * * * * * * * * *
Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
ORDER
IT IS THEREFORE ORDERED that plaintiff's claim is HEREBY DENIED and DISMISSED with prejudice.
Each side shall bear its own costs.
This the __________ day of ________________________, 1996.
 S/ _______________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _______________________ LAURA K. MAVRETIC COMMISSIONER
S/ _______________________ DIANNE C. SELLERS COMMISSIONER
JHB/nwm 08/13/96